IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Richard A. Jefferson, | ) | Case No. 8:13-cv-00593-JFA-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Warden of Lee Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 24.] Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on March 4, 2013.[1] [Doc. 1.] On June 3, 2013, Respondent filed a motion for summary judgment and a return and memorandum.[2] [Docs. 17–24.] On June 4, 2013, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 25.] On June 10, 2013, Petitioner filed a response in opposition to

---

[1]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on March 4, 2013. [Doc. 1-1 (envelope marked as received by prison mailroom on March 4, 2013).]

[2]Respondent subsequently filed additional attachments to the return and memorandum. [Docs. 38, 43.]

Respondent's motion.[3]  [Doc. 30.]  Having carefully considered the parties' submissions and the record in this case, the Court recommends that Respondent's motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Petitioner is presently confined at the Lee Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Richland County Clerk of Court.  [Doc. 1-1.]  In February 1989, Petitioner was indicted for armed robbery, possession of a stolen vehicle, attempted grand larceny, possession of unlawful firearms, assault with intent to kill, and murder.  [App. 187–216[4]; Doc. 18.]  On October 23, 1989, represented by David I. Bruck and Charles Porter, Petitioner pled guilty to all charges.[5]  [App. 1–12.]  On October 24, 1989, Petitioner was sentenced to life imprisonment for the murder charge, with parole eligibility after thirty years.  [App. 108.] Petitioner was also sentenced to five years for the possession of a stolen vehicle charge; five years for the attempted grand larceny charge; twenty-five years for the armed robbery charge; two years for the possession of unlawful firearms charge; five years for the criminal conspiracy charge; and ten years for the assault with intent to kill charge.  [App. 108–09.]

---

[3]Petitioner subsequently filed additional attachments to his response as well as amended responses. [Docs. 32, 33, 34, 40.]

[4]The Appendix can be found at Docket Entry Number 17-1.

[5]The transcript from the plea hearing indicates Petitioner was also charged with criminal conspiracy [App. 4; 5–6]; however, the record before the Court does not appear to include an indictment for criminal conspiracy.

**Direct Appeal**

Petitioner timely filed a notice of appeal.  [Doc. 18-1.]  On May 18, 1990, Daniel T. Stacey of the South Carolina Office of Appellate Defense filed an *Anders* brief[6] on Petitioner's behalf, as well as a petition to be relieved as counsel.  [Doc. 18-2.]  The brief raised the following claim:

> Whether the court erred when it admitted Appellant's statement into evidence at the sentencing because it was taken in violation of his Fifth Amendment right to remain silent?

[*Id.* at 2.]  On May 22, 1991, the Supreme Court of South Carolina dismissed the appeal and granted the motion to be relieved.  [Doc. 18-3.]

**PCR Proceedings**

***First PCR Application***

Petitioner filed an application for post-conviction relief ("PCR") on November 19, 1992.  [App. 112–16.]  Petitioner raised the following grounds for relief, quoted substantially verbatim:

> (a)  Ineffective assistance of counsel
>
> (b)  Statement was obtained unconstit[ut]ionally/witnesses committed perjury on stand
>
> (c)  Counsel for defense failed to complain or raise any objections concerning all doubtful[] testimony and evidence.

[App. 113.]  In support of his grounds for relief, Petitioner provided the following facts, quoted substantially verbatim:

---

[6]A brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim.

> (a) Defendant was placed under arrest and transported to R.C.S.D. and was questioned prior to being read his rights. Transcript (page) 19 & 33 (page) 45 will prove same.

[App. 113.] The State filed a return on January 29, 1993. [App. 117–23.]

A hearing was held on the PCR application on September 13, 1993, and Petitioner was represented at the hearing by Miller W. Shealy, Jr. [App. 124–60.] On November 29, 1993, the PCR court filed an order denying and dismissing the application with prejudice. [App. 173–79.] The PCR court filed an amended order denying and dismissing Petitioner's application on December 20, 1993. [App. 180–86; Doc. 18-5 (indicating the order was filed on December 20, 1993).]

A notice of appeal was timely filed and served. [Doc. 18-6.] On April 25, 1994, Daniel T. Stacey of the South Carolina Office of Appellate Defense filed on Petitioner's behalf a *Johnson* petition[7] for writ of certiorari in the South Carolina Supreme Court. [Doc. 18-7.] The petition asserted the following as the sole issue presented:

> Whether petitioner entered his plea knowingly, voluntarily and upon the effective assistance of counsel when trial counsel did not discuss with him the potential lesser included offense of voluntary manslaughter?

[*Id.* at 3.] At the same time he filed the *Johnson* petition, Stacey submitted a petition to be relieved as counsel. [*Id.* at 8.] The court denied the petition and granted counsel's request to withdraw on October 7, 1994 [Doc. 18-10] and remitted the matter to the lower court on October 25, 1994 [Doc. 18-11.]

---

[7] A *Johnson* petition is the state PCR appeal analogue to an *Anders* brief; a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim. *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

4

### *Second PCR Application*

Petitioner filed a second PCR application on March 4, 2002.  [Doc. 18-12.]

Petitioner stated the following as his grounds for relief, quoted substantially verbatim:

> (a)  Court had no jurisdiction to hear this case.

> (b)  [Left blank by Petitioner.]

> (c)  Solicitor appeared as sole witness before grand jury.

[*Id.* at 2.]  In support of his grounds for relief, Petitioner provided the following facts, quoted

substantially verbatim:

> (a)  Requested preliminary hearing, and request was never entertained.

> (c)  Solicitor appeared before grand jury as sole witness this is newly discovered evidence.

[*Id.*]  Petitioner also filed a motion for evidentiary hearing.  [Doc. 18-13.]  The State filed a

return and motion to dismiss on June 12, 2002.  [Doc. 18-14.]  On June 17, 2002,

Petitioner filed a request to deny the motion to dismiss.  [Doc. 18-15.]

On July 31, 2002, the PCR court filed a rule to show cause expressing its intent to

summarily dismiss the matter unless Petitioner could show why it should not be dismissed

as successive and untimely.[8]  [Doc. 18-16.]  The PCR court gave Petitioner twenty days

to show cause why the order should not become final.  [*Id.* at 7.]  The State filed another

motion to dismiss, which was served on June 15, 2004.  [Doc. 18-18.]  On September 15,

---

[8]The Rule to Show Cause was signed on June 13, 2002.  [Doc. 18-16 at 7.]

5

2006, the PCR court denied the application, stating that the order filed July 31, 2002 was the final order in the case.[9]  [Doc. 18-19.]

Petitioner filed a motion to alter or amend pursuant to South Carolina Rule of Civil Procedure 59(e) on September 28, 2006.  [Doc. 18-20.]  The State filed a return on October 3, 2006 [Doc. 18-21], and Petitioner filed a memorandum in support on January 24, 2007 [Doc. 18-22].  On February 12, 2007, the PCR court denied the motion to alter or amend.  [Doc. 18-23.]  On March 1, 2007, Petitioner filed a second motion to alter or amend pursuant to South Carolina Rule of Civil Procedure 59(e).  [Doc. 19.]  The State responded by letter on March 2, 2007.  [Doc. 19-1.]  On March 15, 2007, the PCR court filed an order denying the second motion to alter or amend.  [Doc. 19-2.]

A notice of appeal was timely filed and served.  [Doc. 19-3.]  Accompanying the notice of appeal was a letter asserting why the Supreme Court should consider the appeal under South Carolina Appellate Court Rule 227.  [Doc. 19-4.]  The court dismissed the appeal on March 21, 2007 [Doc. 19-5] and remitted the matter to the lower court on April 9, 2007 [Doc. 19-6.]

### Third PCR Application

Petitioner filed a third PCR application on October 19, 2009.  [Doc. 20-6.] Petitioner stated the following as his grounds for relief, quoted substantially verbatim:

• I'm being held in custody in violation of South Carolina Constitution Article 12 section 2, in that the legislature has clearly exceeded the scope of authority granted to it by the constitution, therefore the conditions of my

---

[9]Respondent has represented that a hearing was held on September 11, 2006, and Petitioner was represented by J. Christopher Mills.  However, the record before this Court appears not to include a transcript from the September 11, 2006 hearing.

confinement must be corrected or the sentence vacated or set aside.

- I'm further being held in custody unlawfully because the guilty plea I entered into was not knowingly intelligently and voluntarily entered into because neither the petitioner (Jefferson) or counsel knew that the conditions of confinement to which he was being sentenced were unconstitutional.

- That counsel was ineffective in failing to research the law and facts surrounding the imposition of the sentence because a review of the relevant law and facts show that the sentence was unconstitutional at the time of sentencing.

- That the changes in the law, policies, procedures and practices of the S.C. Department of Corrections after petitioner's incarceration result in unlawful custody and illegal restraint, thus making the sentence unlawful.

[*Id.* at 1–2.]  The State filed a return and motion to dismiss, dated December 15, 2009. [Doc. 21.]  On December 22, 2009, the PCR court denied and dismissed the application with prejudice because it was not in proper form.  [Doc. 21-1.]  Thereafter, Petitioner submitted a letter seeking to have the PCR court reconsider its ruling under Rule 59(e). [Doc. 21-2.]  The motion to reconsider was denied on January 13, 2010.  [Doc. 21-3.]

### *Fourth PCR Application*

Petitioner filed a fourth PCR application on February 5, 2010.  [Doc. 21-4.] Petitioner stated the following as his grounds for relief, quoted substantially verbatim:

- I am being held in custody in violation of South Carolina Constitution Article 12 Section 2 in that the legislature has clearly exceeded the scope of its authority granted to it.

- I am not being rehabilitated.

7

[*Id.* at 2.] The State served its return and motion to dismiss on August 19, 2010. [Doc. 21-5.] Petitioner filed a reply on August 25, 2010. [Doc. 21-6.]

On September 2, 2010, the PCR court filed a conditional order of dismissal. [Doc. 22.] In the conditional order, the court expressed its intent to summarily dismiss the matter as successive and untimely but granted Petitioner thirty days to show why the order should not become final. [*Id.*] Petitioner filed an objection to the conditional order, dated September 21, 2010. [Doc. 22-1.] The State submitted a proposed final order of dismissal [Doc. 22-2], and petitioner sent a letter notifying the court of errors in the proposed order [Doc. 22-3.]. On March 25, 2011, the State submitted an amended proposed final order of dismissal. [Doc. 22-7.] Petitioner then filed (1) a letter, indicating he had objections to the amended proposed order [Doc. 22-8]; (2) an amendment to his PCR application, asserting the trial court was without jurisdiction to accept his guilty plea [Doc. 23]; and (3) a motion for relief from judgment or order, contending the dismissal order in his first PCR application did not rule on an issue raised and, therefore, was void [Doc. 23-1].

On September 15, 2011, the PCR court denied and dismissed the application with prejudice for the reasons set forth in the conditional order of dismissal. [Doc. 23-2.] Thereafter, Petitioner submitted a Rule 59(e) motion. [Doc. 23-3.] The Rule 59(e) motion was denied on February 17, 2012. [Doc. 23-4.]

A notice of appeal was timely filed and served. [Doc. 23-5.] On March 19, 2012, the South Carolina Supreme Court instructed Petitioner that he was required to provide a written explanation as to why the circuit court's determination that the action was barred as being successive and untimely was improper. [Doc. 23-6.] Petitioner filed his

8

explanation on April 19, 2012.  [Doc. 23-7.]  The court dismissed the appeal on April 20, 2012 [Doc. 23-8] and remitted the matter to the lower court on May 16, 2012 [Doc. 23-9.]

**State Habeas Proceedings**

> ***First State Habeas Petition***

On May 31, 2007, Petitioner filed a petition for writ of habeas corpus in the South Carolina Court of Common Pleas.  [Doc. 19-7.]  In his petition, Petitioner alleged the following five claims, quoted substantially verbatim:

> I. W[h]ether the state of South Carolina deprived Petitioner of his Constitutional right(s) to Due Process by not affording him his statutorily given right to a Preliminary hearing?
>
> II. W[h]ether the state of South Carolina deprived Petitioner of his Constitutional right to Due Process by not properly indicting him?
>
> III. Did the solicitor violate the Sep[a]ration of Powers Clause by bounding Petitioner over to Circuit Court?  W[h]ether the circuit court lost subject matter jurisdiction becaus[e] of solicitor's actions?
>
> IV. Was Petitioner denied effective assistance of counsel in violation of his 6th and 14th amendment right(s) to effective counsel when counsel failed to request that Petitioner be McNaughten tested and have a Blair hearing?
>
> V. Was Petitioner denied effective assistance of counsel in violation of his guaranteed Constitutional right(s) to effective assistance when cou[n]sel failed to object to Petitioner's defective indictments?

[*Id.* at 4.]  On October 19, 2007, Petitioner filed a motion for default judgment [Doc. 19-8], and on December 27, 2007, he filed an amendment to his petition for writ of habeas corpus [Doc. 19-9].  In the amendment, Petitioner asserted he was further denied effective assistance of counsel when counsel failed to move to dismiss the indictments.  [*Id.*]  The

9

State served a return and motion to dismiss on March 25, 2008. [Doc. 19-10.] Petitioner subsequently filed a motion for hearing to show cause on March 31, 2008 [Doc. 19-11] and a memorandum in support of the motion for default judgment on August 27, 2008 [Doc. 19-12].[10] A hearing on the motion for default judgment was held on September 4, 2008. [Doc. 38.]

On September 16, 2008, the state habeas court filed an order denying the motion for default and setting a hearing for September 25, 2008. [Doc. 19-14.] Subsequently, Petitioner filed a motion to alter or amend [Doc. 20-1]; a memorandum in support of the motion to alter or amend [Doc. 20-2]; and a motion to quash the return and motion to dismiss [Doc. 20-3]. On October 6, 2008, the court filed an order denying the motion to alter or amend. [Doc. 20-4.]

An evidentiary hearing was held on February 27, 2009. [Doc. 43.] Petitioner represented himself at the hearing. [*Id.*] The state habeas court denied and dismissed with prejudice the petition, finding the claims could not be raised in a petition of habeas corpus in the Circuit Courts of South Carolina because the claims could have been raised in a PCR application. [Doc. 20-5.]

### Second State Habeas Petition

Petitioner filed a petition for writ of habeas corpus in the South Carolina Supreme Court, which was received by the Supreme Court on March 17, 2011. [Doc. 22-4.] In his petition, Petitioner alleged the following issue, quoted substantially verbatim:

---

[10]Respondent asserts that another motion for default judgment was filed on September 4, 2008; however, the only motion located by the Richland County Clerk of Court was the motion filed on October 19, 2007.

> I.  Did the court error in excepting Petitioners conditional guilty
> plea?

[*Id.* at 4.]  On April 7, 2011, the South Carolina Supreme Court filed an order denying the state habeas petition.  [Doc. 22-5.]  On the same day, the South Carolina Supreme Court issued an order directing the Clerk of Court not to accept any further petitions from Petitioner unless he paid the $25 filing fee and the petition was accompanied by a proper notarized affidavit certifying that he in good faith believed that the matter raised was nonfrivolous and proper.  [Doc. 22-6.]  Additionally, the order warned Petitioner that if he continued to file frivolous petitions, he may be held in contempt or sanctioned.  [*Id.*]

**Petition for Writ of Habeas Corpus**

As stated, Petitioner filed this Petition for writ of habeas corpus on March 4, 2013 pursuant to 28 U.S.C. § 2254.  [Doc. 1.]  Petitioner asserts the following grounds for relief, quoted substantially verbatim:

> **Ground One**:  Ineffective assistance of direct appeal counsel Daniel Stacey.
>
> *Supporting Facts:*  Mr. Stacey did not argue on appeal that the court excepted the guilty plea while preserving constitutional violations.  At the guilty plea hearing counsel made a motion for direct verdict, twice and stated my fifth amendment right to silence was violated because of an admitted into evidence statement.  The issues that were preserved for review were not placed before the court on appeal by appellate counsel.
>
> **Ground Two**:  Ineffective PCR Counsel
>
> *Supporting Facts:*  PCR Counsel ignored or was without knowledge of the law concerning constitutional challenges during guilty plea[] and therefor[e] never argued the issue.  PCR counsel argued the fact that I was never told that I could receive a lesser included offense.  Which was not possible.  Her argu[]ments were void

because I had a death penalty case and there was no lesser offense for murder.

[Doc. 1 at 5, 7.][11]

Respondent filed a motion for summary judgment on June 3, 2013. [Doc. 24.] On June 10, 2013, Petitioner filed a response in opposition to the motion.[12] [Doc. 30.] Accordingly, Respondent's motion is now ripe for review.[13]

## **APPLICABLE LAW**

**Liberal Construction of Pro Se Petition**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court

---

[11]Although out of an abundance of caution, Respondent treated a potential claim raised by Petitioner in his argument regarding timeliness of the Petition as "Ground Three" of the Petition [Doc. 17 at 41], Petitioner has clarified that the Petition raises only two grounds and "doesn't even have a ground three" [Doc. 32-1 at 4]. Accordingly, the Court views the Petition as raising only Grounds One and Two.

[12]Petitioner subsequently filed additional attachments to his response as well as amended responses. [Docs. 32, 33, 34, 40.]

[13]Petitioner argues that Respondent was in default and should not be allowed to submit an untimely motion. [Docs. 30 at 1, 32-1 at 4.] However, Respondent timely filed its return and memorandum in this case. On April 9, 2013, the Court issued an order authorizing service and setting a deadline of June 3, 2013 for Respondent's return and memorandum. [Doc. 13.] Respondent filed its return and memorandum on June 3, 2013 [Doc. 17]; accordingly, Respondent was not in default.

may not construct the petitioner's legal arguments for him.  *Small v. Endicott*, 998 F.2d

411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely

presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved

for summary judgment:

> The court shall grant summary judgment if the movant shows
> that there is no genuine dispute as to any material fact and the
> movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would

affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such

that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When

determining whether a genuine issue has been raised, the court must construe all

inferences and ambiguities against the movant and in favor of the non-moving party.

*United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating

to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the

non-moving party, to survive the motion for summary judgment, may not rest on the

allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must

demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this

standard, the existence of a mere scintilla of evidence in support of the non-movant's

position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at

252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude

granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355,

365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over

facts that might affect the outcome of the suit under the governing law will properly

preclude the entry of summary judgment. Factual disputes that are irrelevant or

unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides

in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed
> must support the assertion by:
>
> > (A) citing to particular parts of materials in the record,
> > including depositions, documents, electronically stored
> > information, affidavits or declarations, stipulations
> > (including those made for purposes of the motion only),
> > admissions, interrogatory answers, or other materials;
> > or
> >
> > (B) showing that the materials cited do not establish the
> > absence or presence of a genuine dispute, or that an
> > adverse party cannot produce admissible evidence to
> > support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to

the non-movant, he must produce existence of a factual dispute on every element essential

to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

> ***Generally***

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

***Procedural Bar***

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)    (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the

16

applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state court with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653

17

S.E.2d 266 (S.C. 2007).[14]  Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45(A).

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the highest South Carolina court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the court actually reached the merits of the claim.[15]

---

[14] In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

[15] In *State v. McKennedy*, the South Carolina Supreme Court reiterated that a petition for discretionary review to the South Carolina Supreme Court in criminal and post-conviction cases is outside South Carolina's standard review process, and therefore, "petitions for rehearing and certiorari following an adverse Court of Appeals' decision are not required in order to exhaust all available state remedies."  559 S.E.2d 850, 854 (S.C. 2002) (citing *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990)).

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3) & 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and

> while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Sykes*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure or where a "fundamental miscarriage of justice" has occurred. *Coleman*, 501 U.S. at 750; *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Carrier*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*,

523 U.S. 614, 623 (1998). To pass through this actual innocence standard, the petitioner's case must be truly extraordinary. *Carrier*, 477 U.S. at 496.

### *Statute of Limitations*

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D). However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)). In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are

filing conditions, no matter the form of the time limit. *Id.* at 417. Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland v. Florida*, --- U.S. ---, ---, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied. *Id.* at 2563.

## DISCUSSION

Respondent argues the Petition is time barred and that Petitioner has failed to establish he is entitled to equitable tolling. [Doc. 17 at 46–50.] Petitioner has failed to specifically address Respondent's argument that his Petition is time barred. [*See* Docs. 30, 32, 33, 32, 40.] Upon review, the Court agrees with Respondent that the Petition is untimely and Petitioner is not entitled to equitable tolling.

**Expiration of Limitations Period**

Because Petitioner's conviction became final before the AEDPA was passed, the one-year limitation period for federal habeas petitions began to run on the effective date of the AEDPA, April 24, 1996. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Thus, for Petitioner, the one-year period commenced on April 24, 1996. Petitioner filed this Petition on March 4, 2013 [Docs. 1, 1-1], such that 6,158 days elapsed before Petitioner

filed his federal habeas petition. Accordingly, the one-year period in which to file a federal habeas petition had already expired when Petitioner filed his Petition.

Neither Petitioner's second, third, nor fourth PCR application nor his first or second state habeas petition[16] would be considered properly filed pursuant to 28 U.S.C. § 2244(d)(2); therefore, none of these would not toll the limitations period. An application is considered "properly filed" if it conforms to state rules concerning "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). An application may be properly filed even if all the claims it contains are without merit or are defaulted. *Id.* In essence, if the state court rejects each individual claim, then the application as a whole was properly filed; on the other hand, if the state court dismisses the entire application without consideration of the individual claims, then the application was not properly filed. *See id.*

Here, with respect to the second PCR application, the PCR court filed a rule to show cause expressing its intent to summarily dismiss the matter unless Petitioner could show why it should not be dismissed as successive and untimely [Doc. 18-16] and later made that order the final order in the case [Doc. 18-19]. Therefore, Petitioner's second PCR application did not toll the statute of limitations. With respect to Petitioner's third PCR application, the PCR court dismissed the application because it was not in proper form. [Doc. 21-1.] Therefore, Petitioner's third PCR application did not toll the statute of limitations. With respect to Petitioner's fourth PCR application, the PCR court filed a

---

[16] Petitioner's first PCR application was completed before the effective date of the AEDPA. [Doc. 18-11 (remittitur in Petitioner's first PCR application, dated October 25, 1994).]

conditional order of dismissal, expressing its intent to summarily dismiss the matter as successive and untimely [Doc. 22], and later denied and dismissed the application for the reasons set forth in the conditional order of dismissal [Doc. 23-2]. Therefore, Petitioner's fourth PCR application did not toll the statute of limitations. With respect to Petitioner's state habeas petitions, the state courts applied a procedural bar because the petitions raised issues that could have properly been raised in a PCR application. [Docs. 20-5, 22-5 (stating "Petitioner has not alleged facts showing that other remedies are unavailable or inadequate to address his claims for relief").] Therefore, Petitioner's state habeas petitions did not toll the statute of limitations. Thus, the Petition is time barred.

**Equitable Tolling**

In his responses in opposition to the motion for summary judgment, Petitioner has failed to specifically address the statute of limitations under the AEDPA. However, in his responses to the Court's special interrogatories, Petitioner appears to argue that *Martinez v. Ryan*, — U.S. —, 132 S.Ct. 1309 (2012)*,* allows him to bring his untimely claims and that the facts he has now are newly discovered. [Doc. 9.] For the reasons explained below, Petitioner is not entitled to equitable tolling.

As the United States Supreme Court has recognized:

> Under our system of representative litigation, "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R. Co.*, 370 U.S. 626, 634, 82 S. Ct. 1386, 1390, 8 L. Ed.2d 734 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L. Ed. 955 (1880)). . . . Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or

25

> where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 1725, 80 L. Ed.2d 196 (1984).

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92, 96 (1990) (footnotes omitted). The Fourth Circuit has underscored the very limited circumstances in cases subject to the AEDPA where equitable tolling will be permitted, holding a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

26

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).[17]   The Supreme Court has suggested that equitable tolling is justified to relieve the operation of a limitations bar due to egregious unprofessional attorney misconduct, such as abandoning the client; a last minute change in representation beyond the client's control; failing to conduct essential services of representation like communicating with the client and performing basic legal research; and denying the client access to files and misleading the client.  *Holland*, 130 S. Ct. at 2564 (citations omitted).  Further, as previously stated, the Supreme Court has held that, in addition to demonstrating extraordinary circumstances prevented the petitioner from timely filing, the petitioner must demonstrate he has been diligently pursuing his rights.  *Id.* at 2562.

Here, Petitioner has failed to demonstrate that extraordinary circumstances beyond his control prevented him from filing his first PCR application within the statute of limitations.  With respect to Petitioner's assertion that *Martinez* allows him to bring an untimely claim, *Martinez* is inapplicable because it has no bearing on the statute of limitations analysis, but can merely excuse a procedural default in an otherwise viable federal habeas claim.  With respect to Petitioner's assertion that he "found out about this void sentence in 2011 and [] went through PCR and state habeas" and that the facts he

---

[17]Other courts of appeals have similarly expressed that equitable tolling of the AEDPA statute of limitations is to be employed sparingly.  *See, e.g.*, *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying the general rule that "'attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling'" (citation omitted)); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ( "[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the petitioner's] habeas petition in the district court within the one-year limitations period."); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to apply equitable tolling where late filing was caused by attorney's use of ordinary mail to send petition from Atlanta to Miami less than a week before it was due); *see also Rouse*, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect." (citation omitted)).

27

has now are newly discovered, Petitioner fails to state specifically which facts he alleges are newly discovered, but it appears Petitioner is alleging that in 2011, he found out about case law that he contends supports his allegation that his sentence is void because the plea court did not have jurisdiction to accept his guilty plea.  [Doc. 9 at 2.]  However, the record in this case makes clear that all information necessary to raise the claims asserted in the Petition were known to Petitioner during his direct appeal and first PCR application or immediately thereafter.  The Court is not aware of any authority for tolling a statute of limitations based on the fact that the litigant only recently became aware of the relevant case law.  Accordingly, Petitioner has not provided any grounds for equitably tolling the federal statute of limitations for almost sixteen years.  Therefore, the Court determines the Petition should be dismissed as time barred.

## CONCLUSION

Wherefore, based upon the foregoing, the Court recommends Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

February 7, 2014
Greenville, South Carolina